## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR,

No. 4:16-CV-00827

(Judge Brann)

Plaintiff.

v.

THE COUNTY OF
NORTHUMBERLAND,
PENNSYLVANIA,

Defendant.

## MEMORANDUM OPINION

### APRIL 19, 2018

The Secretary of Labor filed a motion for partial summary judgment. For the reasons that follow, that motion will be granted in part and denied in part.

## I.    BACKGROUND

Northumberland County utilizes caseworkers to provide services to its residents through three agencies:  the Area Agency on Aging, Children and Youth Services, and Behavioral Health/Intellectual Disability Services.[1] The caseworkers' regular hours are Monday through Friday, from 8:30am to 4:30pm.[2]

---

[1]    Plaintiff's Statement of Undisputed Facts ¶ 6-7; Defendant's Counter Statement of Facts ¶ 6-7.

[2]    Plaintiff's Statement of Undisputed Facts ¶ 18; Defendant's Counter Statement of Facts ¶ 18.

After factoring in a thirty-minute lunch break, this results in a 37.5 hour workweek.[3]

To covers residents' service needs outside those regular hours, the County also assigns caseworkers to occasional "on-call" duty,[4] which encompasses time outside regular hours.[5] During this time, caseworkers carry a pager, make and respond to telephone calls, travel to residents in need of services and provide those services, and complete paperwork.[6] An on-call duty assignment runs from 4:30pm on a Monday to 8:30am the following Monday.[7]

For a regular 37.5 hour workweek, the County pays caseworkers an annual salary.[8] For carrying a pager during on-call duty, the County pays caseworkers a flat, lump sum payment.[9] If a caseworker provides field services while on-call, he is compensated at his regular hourly rate for the first 2.5 hours of such work and at one-and-a-half times his regular hourly rate for any additional time.[10] To be eligible for such time-and-a-half pay, however, caseworkers must complete a

---

[3]  *Id.*

[4]  Plaintiff's Statement of Undisputed Facts ¶ 20, 22; Defendant's Counter Statement of Facts ¶ 20, 22.

[5]  Plaintiff's Statement of Undisputed Facts ¶ 24; Defendant's Counter Statement of Facts ¶ 24. Such time includes weekday nights (4:30pm-8:30am), weekends, and holidays.  *Id.*

[6]  Plaintiff's Statement of Undisputed Facts ¶ 23; Defendant's Counter Statement of Facts ¶ 23.

[7]  Plaintiff's Statement of Undisputed Facts ¶ 24; Defendant's Counter Statement of Facts ¶ 24.

[8]  Plaintiff's Statement of Undisputed Facts ¶ 17; Defendant's Counter Statement of Facts ¶ 17.

[9]  Plaintiff's Statement of Undisputed Facts ¶ 27; Defendant's Counter Statement of Facts ¶ 27.

[10]  Ex. A to Plaintiff's Motion for Summary Judgment (Deposition of Joseph Picarelli) at 30.

supplemental time sheet.[11]  Caseworkers may also work overtime—*i.e.*, more than

37.5 hours in a given week—when not assigned to on-call duty, but they must get

permission before claiming (and being paid for) this time on the supplemental time

sheet.[12]

On May 9, 2016, the Secretary of Labor for the United States Department of

Labor instituted the instant action against Northumberland County.[13]  In his

Amended Complaint, the Secretary alleges that the County fails to compensate its

caseworkers for time spent on telephone calls and paperwork,[14] and that this failure

violates the overtime and recordkeeping provisions of the Fair Labor Standards Act

("FLSA").[15]  After discovery was completed, the Secretary filed the instant Motion

for Partial Summary Judgment,[16] seeking judgment in its favor on a number of

issues.[17]

---

[11]  Plaintiff's Statement of Undisputed Facts ¶ 40; Defendant's Counter Statement of Facts ¶ 40.

[12]  Ex. B to Plaintiff's Motion for Summary Judgment (Deposition of Lisa Shaffer) at 29-32.

[13]  ECF No. 1.

[14]  ECF No. 16 ¶ 7.

[15]  *Id.* ¶¶ 33-37.

[16]  ECF No. 24.

[17]

## II.    DISCUSSION

### A.    Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18]  A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[19]  To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[20]  When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[21]

### B.    Whether the County is an "Enterprise" under the FLSA

The Secretary seeks judgment that the County is an "enterprise' under the FLSA.  Because the County does not dispute this matter, judgment will be entered in the Secretary's favor on this issue.

---

[18]    Federal Rule of Civil Procedure 56(a).

[19]    *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986).

[20]    Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[21]    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### C. Whether the County Violated the FLSA's Overtime Provision by Failing to Compensate Caseworkers for Time Spent on Telephone Calls and Paperwork While On-Call

Employees covered by the FLSA must receive at least one-and-a-half times their normal hourly rate for any time worked beyond forty hours in a given workweek.[22]  In his motion, the Secretary argues that the County violated this provision by not paying caseworkers for time spent on telephone calls and paperwork while on-call, and seeks judgment in his favor on this issue.[23]

As noted above, County caseworkers are paid a lump sum for the weeks they are on call, which covers "the duty of carrying a pager."[24]  Up until January 2017,[25] it was understood by caseworkers and their supervisors that this lump sum also covered any time caseworkers spent on the telephone or on paperwork while on-call, and that additional compensation would be earned only if the caseworkers actually had to respond to a service call in the field.[26]  In declarations, caseworkers

---

[22]  29 U.S.C. § 207(a)(1).

[23]  The Secretary reserves the issue of damages for this alleged violation for trial.  ECF No. 25 (Brief in Support of Motion for Partial Summary Judgment) at 12 n.2.

[24]  Ex. "Secretary-1" to Ex. A of Plaintiff's Motion for Summary Judgment ("Agreement Between County of Northumberland and Pennsylvania Social Services Union Local 668, SEIU, AFL-CIO," dated July 1, 2010 to June 30, 2014) art. VII § 6.A.

[25]  *See, e.g.*, Ex. D to Plaintiff's Motion for Summary Judgment (Deposition of Carmie Krum) at 21.

[26]  *See, e.g.*, Ex. C to Plaintiff's Motion for Summary Judgment (Deposition of Gail Whitley) at 40-41; Ex. J to Plaintiff's Motion for Summary Judgment (Declaration of Robert Beirschmitt) ¶¶ 7-8.

The County argues that caseworkers "*could have been*" compensated for telephone calls and paperwork if the caseworkers reported that time on their supplemental timesheet.  ECF No.

testified to working as many as twenty uncompensated overtime hours on telephone calls and paperwork during on-call weeks.[27]

The County does not claim that these hours were not worked or that caseworkers were compensated for them. Instead, it argues that any time spent on telephone calls and paperwork was *de minimis*. It is true that "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded" under the FLSA's provision.[28] However, "[a]n employer may not arbitrarily fail to count as hours working any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him."[29]

Here, there is evidence that telephone call and paperwork time is *de minimis*,[30] but in fact requires the caseworkers to "give up a substantial measure of

---

30 at 7. In support of this contention, it points to the deposition of Carmie Krum, a caseworker supervisor. Ms. Krum, however, merely "speculate[d]" that, before January 2017, it was "possible" that an employee "could have"—contrary to County practice and policy—included time spent on telephone calls and paperwork on the supplemental time sheet. She did not testify, however, that doing so would have resulted in that employee being *paid*.

[27] *See, e.g.*, Ex. V to Plaintiff's Motion for Summary Judgment (Declaration of Trissa Griffiths) ¶ 11.

[28] 29 C.F.R. § 785.47.

[29] *Id.*

[30] *See, e.g.*, Ex. D to Defendant's Opposition (On-Call Log of Melissa Eisenhour showing forty-six telephone calls over five nights, with thirty of those calls coming on one night.)

[their] time and effort."[31]  That time is not "beyond the scheduled working hours," since on-call duty hours are regular and predictable—*i.e.*, they begin at 4:30pm on a Monday and cover all time not spent in the office for the next week.  And the County cannot argue that the time "cannot as a practical administrative matter be precisely recorded," since current policy is to record such time exactly.[32]

The County also argues that the Secretary has not demonstrated exactly the number of caseworkers affected by the policy or the number of hours worked by the affected caseworkers.  In FLSA cases, however, employees need only "produce sufficient evidence to show the amount and extent of [the uncompensated] work as a matter of just and reasonable inference,"[33] and the Secretary has satisfied that burden here.[34]  The County also notes that caseworkers are responsible for reporting their overtime and that some, in deposition, admitted to "guessing" about the amount of uncompensated time they worked.  The Secretary, however, has reserved the issue of damages for trial.  And in any event, because employers have the burden to keep records,[35] the County cannot "complain that the damages lack the exactness and precision of measurement that would be possible had [it] kept

---

[31]  *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 374 (3d Cir. 2007).

[32]  Ex. "Secretary 3" to Ex. A to Plaintiff's Motion for Summary Judgment.

[33]  *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991).

[34]  *See, e.g.*, Ex. J, K, L, M, N, O, P. Q. R. S. T. U, V, and W to Plaintiff's Motion for Summary Judgment (declarations of various caseworkers); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701 (3d Cir. 1994) (noting examples of sufficient representative evidence).

[35]  29 U.S.C. § 211(c).

records in accordance with the requirements of" the FLSA.[36]  Finally, the County

argues that the lump sum properly compensated caseworkers for time spent on

telephone calls and paperwork, because that provision was agreed to by the

caseworkers' union.  Employees cannot, however, contractually waive their FLSA

overtime rights.[37]

Because a jury could only find that the County violated the FLSA when it

failed to compensate caseworkers for time spent on telephone calls and paperwork

while on-call, summary judgment will be entered in favor of the Secretary on this

issue.

> **D.** **Whether the County Violated the FLSA's Overtime Provision by Failing to Compensate Children and Youth Services Caseworkers Who Worked More than Forty Hours a Week When Not On-Call**

The Secretary's motion also argues that the County violated FLSA's

overtime provision by failing to compensate caseworkers in Children and Youth

Services who worked more than forty hours in weeks when the caseworkers were

not on call, and seeks judgment in his favor on this issue.  In support, he points to

---

[36] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946).  The County cites *Rosano v. Twp. of Teaneck*, but in that case, "not a single officer was able to provide an estimate of his or her uncompensated overtime damages or time worked for which they believe they were not compensated," 754 F.3d 177, 189 (3d Cir. 2014).

The County also points to evidence that some paperwork was completed while in the field or during normal business hours, and, therefore, was compensated.  This argument, however, goes to damages.

[37] *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981).

the declarations of several current Children and Youth ("C&Y") caseworkers.[38] The County does not directly refute this testimony but instead notes that some C&Y caseworkers reported working no overtime when not on call,[39] and others testified that they were lawfully compensated for all their overtime work.[40] These facts, however, go to the issue of damages.

The County then argues that it does not know of any C&Y caseworkers who are working uncompensated overtime,[41] pointing to the depositions of several caseworker who are not "aware of any caseworkers . . . working off the clock."[42] The Secretary, in response, points to the declaration of a caseworker supervisor who testified that she knows of at least one caseworker "who will stay an hour or two later every night."[43] That supervisor, however, also testified that she

---

[38] *See, e.g.*, Exs. K, M, P, R, and W to Plaintiff's Motion for Summary Judgment; *see also* Ex. E to Defendant's Opposition (Deposition of Denise Sobotor) at 45 ("we were told we could not request financial compensation" for "regular work").

[39] *See* Ex. 1 to Ex. G to Plaintiff's Motion for Summary Judgment at 9.

[40] *See, e.g.*, Ex. B to Defendant's Opposition (Deposition of Jennifer Riley) at 34.

[41] *See, e.g.*, Ex. D to Plaintiff's Motion for Summary Judgment (Declaration of Joseph Picarelli) ¶ 5(j) ("[I]f a caseworker brought work home over the weekend, but chose not to report such time . . . the County would have no way of knowing when said work was performed.").

[42] Ex. C to Plaintiff's Motion for Summary Judgment (Deposition of Gail Whitley) at 59; *see also* Ex. E to Plaintiff's Motion for Summary Judgment (Deposition of Kathryn Hollabaugh) at 46 ("Are you aware of any caseworkers currently who perform work off the clock?" "No.")

[43] Ex. D to Plaintiff's Motion for Summary Judgment (Deposition of Carmie Krum) at 42. *See also* Ex. E to Defendant's Opposition (Deposition of Frances Biddiscombe) at 55-56 (noting that supervisors knew work was being completed "off hours," which the supervisors "wouldn't allow [the caseworkers] to report").

"definitely encourage[s]" that caseworker to claim that time as overtime, which overtime is always approved.[44]

The Secretary also points to the fact that several C&Y caseworkers testified to their belief that it is "impossible" or "not possible" to complete all their work within the regularly-scheduled 37.5 weekly hours,[45] and that that situation required work to be completed "off the clock."[46] At least one C&Y caseworker, however, regularly completes her duties without working any uncompensated overtime hours.[47] And one caseworker supervisor, while admitting that "after hours" work is completed "almost daily," is not aware any caseworker "perform[ing] work off the clock";[48] in other words, overtime work, while occurring regularly, is regularly compensated.

In order to be liable for overtime violations under the FLSA, an employer must have actual or constructive knowledge that its employees are working more than forty hours in a week, and that those employees are not being properly

---

[44] Ex. D to Plaintiff's Motion for Summary Judgment (Deposition of Carmie Krum) at 42-43.

[45] Ex. B to Defendant's Opposition (Deposition of Jennifer Riley) at 52; Ex. E to Defendant's Opposition (Deposition of Denise Sobotor) at 60.

[46] Ex. B to Defendant's Opposition (Deposition of Jennifer Riley) at 53.

[47] Ex. B to Defendant's Opposition (Deposition of Jennifer Riley) at 44-45.

[48] Ex. E to Plaintiff's Motion for Summary Judgment (Deposition of Kathryn Hollabaugh) at 16, 46 (noting that caseworkers work "after hours . . . [a]lmost daily," but that she has no knowledge of caseworkers "currently who perform work off the clock").

compensated for that extra time.[49]  If Children and Youth caseworkers were performing uncompensated overtime during non-on-call weeks—an issue on which this Court expresses no opinion—there is a dispute over whether the County knew, or should have known, about that overtime.  Therefore, summary judgment on this liability issue will be denied.

###      E.      Whether the County Violated the FLSA's Recordkeeping Requirement

The FLSA requires covered employers to "make, keep, and preserve . . . records of . . . the wages, hours, and other conditions and practices of employment maintained by him."[50]  The Secretary argues that the County violated this provision by failing to record time spent by caseworkers on telephone calls and paperwork while on call.

All the testimony in the record shows that, prior to January 2017, caseworkers were not required to keep track of this time.[51]  To refute this evidence, the County points to a caseworker's "On-Call Log" from December 2015, which

---

[49]  *See Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 504 (3d Cir. 2009) ("hours worked . . . beyond an employee's regular schedule count if the employer *knows or has reason to believe* that an employee is continuing to work extra hours") (emphasis added).

[50]  29 U.S.C. §211(c).

[51]  *See, e.g.*, Ex. D to Plaintiff's Motion for Summary Judgment (Deposition of Carmie Krum) at 21 ("So prior to January of this year, on-call time sheets did not keep track of paperwork and telephone calls?"  "Correct."); Ex. A to Plaintiff's Motion for Summary Judgment (Deposition of Joseph Picarelli) at 90-03; Ex. B to Defendant's Opposition (Deposition of Jennifer Riley) at 63 ("You weren't expected by your supervisors to record the exact amount of time that you spent on [telephone calls and paperwork] while on-call?"  "No.").

shows a record of the telephone calls completed by that caseworker over a six-day period.[52]  That log does not, however, record the length of time spent on each telephone call, nor any time spent on paperwork.  Summary judgment, therefore, will be entered in the Secretary's favor on this issue.

###    F.    Whether the County is Liable for Liquidated Damages

When an employer is found liable for unpaid overtime compensation under the FLSA, the Secretary is entitled to recover those wages "and an equal amount as liquidated damages."[53]  A court may decline to aware such liquidated damages, however, if the employer shows that he acted "in good faith" and had "reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."[54] To show good faith, an employer must show his "honest intention to ascertain and follow the dictates of the Act."[55]  The reasonableness requirement, in turn, "imposes an objective standard by which to judge the employer's conduct."[56]

An award of liquidated damages is "the norm, single damages the exception," and a defendant bears a "plain and substantial burden" when trying to avoid these "double damages."[57]  Here, the County makes three arguments in its

---

[52]  Ex. C to Defendant's Opposition.

[53]  29 U.S.C. § 216(c).

[54]  29 U.S.C. § 260.

[55]  *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991).

[56]  *Id.* at 907-08.

[57]  *Id.* at 908.

favor.  First, it notes that its on-call pay policy was agreed to by the caseworkers'

union and that the union, in fact, favored a guaranteed lump sum over the option of

being paid time-and-a-half for time spent on telephone calls and paperwork.[58]

Second, the County notes that this policy was developed in part by researching

other counties' on-call pay policies, and in fact "mirrors" those policies.[59]  And

third, the County notes that the Secretary previously investigated this very policy

but did not find it unlawful.[60]  The Secretary, in response, points to the County's

previous FLSA violations[61] and the fact that, while the investigation into the

instant matter began in March 2015, the County did not voluntarily change its on-

call overtime policy until January 2017.[62]

At this stage, this Court cannot conclude, as a matter of law, that the County

did not act in good faith or on objectively reasonable grounds.  It is true that

---

[58]  *See* Ex. A to Defendant's Opposition (Declaration of Joseph Picarelli) ¶ 5(g); Ex. B to Defendant's Opposition (Deposition of Jennifer Riley) at 20 (the "overwhelming majority [of the caseworkers] ruled they were in favor of . . . an increased stipend versus being paid hour for hour").

[59]  Ex. A to Defendant's Opposition (Declaration of Joseph Picarelli) ¶ 5(l).

[60]  Ex. J to Defendant's Opposition (Narrative of 2001 investigation noting that "[t]his case was initiated by an inquiry from a county official identifying that [the County] did not pay proper overtime by using pager pay in lieu of premium pay," but not concluding that this specific practice violated the FLSA); Ex. A to Defendant's Opposition (Declaration of Joseph Picarelli) ¶ 5(m) ("The County relied upon [the Secretary's] extensive 2001 investigation when executing its on-call compensation policy.").

[61]  *See* Plaintiff's Statement of Undisputed Facts ¶¶ 4-5; Defendant's Counter Statement of Facts ¶¶ 4-5.

[62]  *See* Plaintiff's Statement of Undisputed Facts ¶ 50; Defendant's Counter Statement of Facts ¶ 50; Ex. A to Plaintiff's Motion for Summary Judgment (Deposition of Joseph Picarelli) at 78-79, 87-92.

"adherence to customary and widespread industry practices . . . is not evidence of an objectively reasonable good faith violation."[63]  And the County's repeated (and recent) violations of the FLSA certainly do not work in its favor.[64]  It may have been reasonable, however, for the County to rely on the Secretary's previous tacit, oblique approval of its on-call compensation policy.[65]  And while the County cannot completely stand behind the union's acquiescence in the policy,[66] the employees' apparent demand for this policy does aid the County's case here.[67] Therefore, summary judgment will be denied on this issue.

---

[63]  *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 910 (3d Cir. 1991).

[64]  *See, e.g.*, *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1223 (7th Cir. 1995) ("a recidivist is not entitled to mercy").

[65]  *See, e.g.*, *Hodgson v. Barge, Waggoner & Sumner, Inc.*, 377 F. Supp. 842, 845 (M.D. Tenn. 1972) ("Evidence was introduced that the defendant and its records were checked and audited by the Labor Department on different occasions in the past.  On said audits, the employees of the defendant asserted that no question was raised by the Labor Department as to the inadequacy of the defendant's system, and that the plaintiff, at least by its acquiescence, approved of this payment method. . . . Therefore, the court is of the opinion that the employer has shown sufficient good faith that no liquidated damages should be allowed . . . .")

[66]  *See, e.g.*, *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984) ("The fact that an employer has broken the law for a long time without complaints from employees does not demonstrate the requisite good faith required by the statute.")

[67]  *See, e.g.*, *Rau v. Darling's Drug Store, Inc.*, 388 F. Supp. 877, 887 (W.D. Pa. 1975) (the employer's payment of bonuses, "although not found by [the] [c]ourt to be credits toward overtime, are, nevertheless, further evidence of the good will that was present during most of the period in question"); *Brooks v. Village of Ridgefield Park*, 185 F.3d 130, 139 (3d Cir. 1999) ("The essence of this lawsuit arises out of the plaintiffs' persistent request over many years that their overtime be paid separately and accumulated.  The employer now is being sued by the plaintiffs for having complied with their request made through their exclusive bargaining agent, the PBA, curing the course of collective bargaining. . . . Because the deferment of overtime originated with the plaintiffs and their Union, it is understandable that the Village had no reason to believe that the overtime pay could not be legally delayed.")

### G. Whether Injunctive Relief is Warranted

In addition to back wages, the Secretary requests injunctive relief against the County under 29 U.S.C. § 217. Although this Court has found the County liable for not paying overtime to on-call workers for time spent on telephone calls and paperwork, it appears that the County is no longer withholding that pay. Therefore, this Court will exercise its discretion[68] and decline to issue an injunction.

## III. CONCLUSION

For the reasons discussed above, the County is an "enterprise" that violated the FLSA by not paying on-call workers for time spent on telephone calls and paperwork and by not properly recording this time. Therefore, summary judgment will be granted in the Secretary's favor on these issues. On all other issues, summary judgment will be denied. An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

[68] *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 215 (1959) ("it [is] within the discretion of the District Court whether or not to issue an injunction").